■ SAMUEL WALTON, Appellant-Respondent, v NORMAN MARKAN, Respondent-Appellant. [691 NYS2d 780] —Cross motion by the respondent-appellant on appeals and cross appeals from two orders of the Supreme Court, Nassau County, dated March 9, 1998, and August 21, 1998, respectively, *inter alia,* to impose sanctions on the appellant-respondent. By decision and order on motion of this Court dated November 10, 1998, the branch of the cross motion which was to impose sanctions on the appellant-respondent was held in abeyance and referred to the Justices hearing the appeal for determination on the argument or submission of the appeals and cross appeals.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals and cross appeals, it is

Ordered that the branch of the cross motion which was to impose sanctions on the appellant-respondent is granted to the extent that Samuel Walton and counsel for the respective parties to the action are directed to show cause why an order should or should not be made and entered imposing such sanctions and/or costs, if any, on Samuel Walton and/or his attorney pursuant to 22 NYCRR 130-1.1 (c) as this Court may deem appropriate, by filing an original and four copies of their respective affirmations or affidavits on that issue in the office of the clerk of this Court and serving one copy of the same on each other on or before July 14, 1999.

The plaintiff has made multiple attempts to recover the same relief from the same defendant, under the same factual scenario and based upon the same legal theories. The plaintiff contends in his motion for leave to renew and on appeal that

the proposed second amended complaint which accompanied the motion pleads defamation with the necessary specificity. However, the only material submitted to support this assertion was a list of six tenants' names to whom the plaintiff claims the defendant published defamatory statements. The plaintiff filed no affidavits of the tenants and alleged no specific times or dates as to when the alleged publications were made. There being no obvious good-faith basis for the prosecution of these appeals, sanctions may be warranted. Thompson, J. P., Sullivan, Altman and Florio, JJ., concur.